IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-78,004-01




EX PARTE ADAM RAY CAICEDO, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 0802114D IN THE 371ST DISTRICT COURT
FROM TARRANT COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to twenty-five years’ imprisonment. The Second Court of Appeals affirmed
his conviction. Caicedo v. State, No. 02-02-00017-CR (Tex. App.—Fort Worth 2003, no pet.).
            Applicant contends, among other things, that trial counsel failed to interview and subpoena
Juan Fernandez and Enrique Rojas’s girlfriend. He also contends that trial counsel failed to advise
him that the decision to testify belonged to him, and told him he would not call him as a witness at
punishment.
            On November 21, 2012, we remanded this application for a response from counsel and
findings of fact and conclusions of law from the trial court. On remand, the State filed proposed
findings and conclusions and raised laches. See Ex parte Perez, 398 S.W.3d 206 (Tex. Crim. App. 
2013). After holding an evidentiary hearing, the trial court made findings and conclusions and
recommended that we grant Applicant a new punishment hearing. The trial court did not, however, 
make findings and conclusions on laches.
            In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. 
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 
            Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to
be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. 
Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make further findings and conclusions on whether Applicant’s claims
are barred by the doctrine of laches. The trial court shall also make any other findings and
conclusions that it deems relevant and appropriate to the disposition of Applicant’s claims for habeas
corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.
 
Filed: June 11, 2014
Do not publish